# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TAMORA AGNEW, )
parent and next friend of V.M., a minor )
1361 Stevens Road, SE )
Washington, D.C. 20020 )
)
and )
) Civil Action No.
STACEY PORTER and JIMMIE MELVIN, )
parents and next friends of J.P., a minor )
5323 E Street, SE, #370 )
Washington, D.C. 20019 )
)
and )
)
JOSÉ GARCIA and MELINDA CRUZ, )   CASE NUMBER 1:06CV00277
parents and next friends of R.R., a minor )
230 Rhode Island Avenue, NE, #611 )   JUDGE: Richard W. Roberts
Washington, D.C. 20002 )
)   DECK TYPE: Administrative Agency Rev
and )
)   DATE STAMP: 02/14/2006
DIANE STOKES, )
parent and next friend of D.M., a minor )
2916 30th Street, SE, #30 )
Washington, D.C. 20020 )
)
and )
)
SAUNDRA TABRON, )
parent and next friend of D.T., a minor )
7 K Terrace, NW )
Washington, D.C. 20001 )
)
         Plaintiffs, )
)
    v. )
)
THE DISTRICT OF COLUMBIA )
A Municipal Corporation )
One Judiciary Square )

1

|  |  |
|---|---|
| 441 Fourth Street, NW | ) |
| Washington, D.C. 20001 | ) |
|  | ) |
| serve: | ) |
|  | ) |
| ANTHONY L. WILLIAMS, Mayor | ) |
| District of Columbia | ) |
| 1350 Pennsylvania Avenue, NW, 5th Floor | ) |
| Washington, D.C. 20004 | ) |
|  | ) |
| serve: | ) |
|  | ) |
| ROBERT SPAGNOLETTI | ) |
| Senior Corporation Counsel | ) |
| District of Columbia | ) |
| 1350 Pennsylvania Avenue, NW, Suite 409 | ) |
| Washington, D.C. 20004 | ) |
|  | ) |
| and | ) |
|  | ) |
| CLIFFORD JANEY (officially) | ) |
| Superintendent, D.C. Public Schools | ) |
| 825 North Capitol Street, NE | ) |
| Suite 9026 | ) |
| Washington, D.C. 20002 | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## COMPLAINT TO ENFORCE SETTLEMENT AGREEMENTS, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald, James E. Brown & Associates, PLLC, and in their Complaint To Enforce Settlement Agreements, Injunctive, and Other Relief respectfully represents unto this Honorable Court as follows:

2

## PRELIMINARY STATEMENT

1. This is an action to enforce settlement agreements that were executed by the parties in full settlement of claims that the Plaintiffs had against the Defendants pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA") with respect to special education services and benefits that the Defendants were obligated to provide to the student Plaintiffs. The settlement agreements were obtained in lieu of Due Process Hearings which the Plaintiffs had previously filed with the District of Columbia Public Schools, Office of Student Hearings.

## JURISDICTION

2. This Court has jurisdiction pursuant to:

   a. 42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil remedy for acts taken under color of law that subject any citizen of the United States or person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws;

   b. The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); The Rehabilitation Act ("Section 504"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree, and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

   c. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.      Plaintiffs are children eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, as well as their parents or guardians who, at all times relevant to this action, were residents of the District of Columbia. The parents bring this action on behalf of their children and in their own right. The individual Plaintiffs are designated as follows:

a.      That at all times relevant hereto, Vincent Mitchell, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on August 24, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,000.00. That on September 23, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement

4

Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Sara Moskowitz, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 1.

    b.    That at all times relevant hereto, JaQuanna Porter, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on August 25, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parents for reasonable attorneys' fees and costs related to the prosecution of their claim in the sum of $1,500.00. That on September 23, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through their attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of

submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Aaron E. Price, Sr., Esquire, attorney for DCPS, represented that he had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $1,500.00 remains due and payable to Plaintiffs as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 2.

    c.       That at all times relevant hereto, Rita Rodriguez, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on August 8, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parents for reasonable attorneys' fees and costs related to the prosecution of their claim in the sum of $2,700.00. That on September 23, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiffs, by and through their attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory

6

requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Katherine Rodi, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,700.00 remains due and payable to Plaintiffs as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 3.

       d.       That at all times relevant hereto, Diamond Marshall, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on September 13, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,800.00. That on September 23, 2005, pursuant to the terms of the parties' Settlement

Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,800.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 4.

  e. That at all times relevant hereto, Dale Tabron, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on September 16, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*,

that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,500.00. That on September 23, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Rhondalyn Primes, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,500.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 5.

5. The District of Columbia is a municipal corporation that receives federal financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6. Clifford Janey is the Superintendent of the District of Columbia Public Schools System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7. On or about September 23, 2005, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

8. That according to Defendants' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, invoices for reimbursement of reasonable attorneys' fees and costs are considered denied if not acknowledged by Defendants within 90 days of submission.

9. That more than 90 days have passed since Plaintiffs submitted their invoices for reimbursement of reasonable attorneys' fees; therefore, these invoices are considered denied by Defendants.

10. That Defendants have failed and or refused to reimburse Plaintiffs for the attorneys fees as per the terms of the parties' settlement agreements.

11. That Defendants knowingly and intentionally breached the parties' settlement agreements and in so doing have acted in bad faith, all to the detriment of the Plaintiffs.

12. That the Plaintiffs, individually and collectively, entered into the settlement agreements with the Defendants in good faith, gave valuable consideration therefor, and relied upon representations of the attorneys of the Defendant that they, individually and collectively, have full authority to execute the settlement agreement on behalf of and to bind the Defendant to the terms of the settlement agreements.

13. That the refusal and/or failure of the Defendant to honor the terms of the parties' settlement agreements is without just cause, reason, or provocation, is capricious, is duplicitous and violates the spirit and integrity of the agreements.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1. Enter an Order enforcing the parties' settlement agreements and direct Defendants to reimburse Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $11,500.00.

2. Award each Plaintiff pre-judgment interest on each award.

3. Award to Plaintiffs pursuant to 42 U.S.C. 1983 *et seq.*, the attorneys' fees and costs incurred by virtue of the instant lawsuit.

4. Awarding such other relief as may be just and proper.

                              Respectfully Submitted,

                              Tilman L. Gerald, Esq.
                              Bar No.: 928796
                              James E. Brown & Associates, PLLC
                              1220 L Street, NW, Suite 700
                              Washington, D.C. 20005
                              (202)742-2000
                              Attorney for Plaintiffs